JUDGE DANIELS

'09 CIV 7839

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MUND & FESTER GMBH & CO. KG a/s/o
STEMCOR USA, INC.,

                Plaintiff,

-against-

M/V YONG AN CHENG, her engines, boilers,
tackle, furniture, apparel, etc., *in rem*; CHINA
OCEAN SHIPPING (GROUP) CO., XIAMEN
OCEAN SHIPPING CO. and AQUILA
MARINE NAVIGATION, INC., *in personam*,

                Defendants.
-----------------------------------------------------------X

09 CV
ECF CASE

**VERIFIED COMPLAINT**

RECEIVED SEP 11 2009 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, MUND & FESTER GMBH & CO. KG a/s/o STEMCOR USA, INC. (hereinafter referred to as "Plaintiff" or "M&F"), by and through its attorneys, Casey & Barnett, LLC, as and for its Verified Complaint, alleges upon information and belief as follows:

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.     At all times material to this action, plaintiff, M&F, was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at Trostbrucke 1 20457 Hamburg, Germany and is the subrogated underwriter of a consignment of steel laden on board the M/V YONG AN CHENG, as more specifically described below.

3.     At all material times, STEMCOR USA, INC. (hereinafter "Stemcor") was and is corporation with an office and place of business located at 350 Fifth Avenue, Suite 7815, New

York, New York 10118 and was the owner of a consignment of steel laden on board the M/V YONG AN CHENG, as more fully described below.

4. Upon information and belief, defendant, CHINA OCEAN SHIPPING (GROUP) CO., was and is a foreign corporation with an office and place of business located at Lizhi Zhu – Research Office 11th & 12th Floors Ocean Plaza, 158 Fu Xing Men Nei Avenue Xi Cheng District, Beijing 100031, China, who owns, operates, manages and/or charters ocean-going vessels, including the M/V YONG AN CHENG, that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V YONG AN CHENG, and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

5. Upon information and belief, defendant, XIAMEN OCEAN SHIPPING CO., was and is a foreign corporation with an office and place of business located at 4th-5th Floor Jin Xing Building Qi Xing Road North Hubin, Xiamen Fujian Province 361012, China, who owns, operates, manages and/or charters ocean-going vessels, including the M/V YONG AN CHENG, that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V YONG AN CHENG, and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

6. Upon information and belief, defendant, AQUILA MARINE NAVIGATION, INC., was and is a foreign corporation with an office and place of business located at Lizhi Zhu – Research Office 11th & 12th Floors Ocean Plaza, 158 Fu Xing Men Nei Avenue Xi Cheng District, Beijing 100031, China, who owns, operates, manages and/or charters ocean-going vessels, including the M/V YONG AN CHENG, that operate between various foreign and

domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V YONG AN CHENG, and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

7. Upon information and belief, at all times hereinafter mentioned, defendant, M/V YONG AN CHENG was and still is a vessel operated as a common carrier of goods in ocean transportation for hire and, upon information and belief, is now, or will be during the pendency of this action, within this District and subject to the jurisdiction of this Honorable Court.

8. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

9. On or about July 1, 2008, a consignment, consisting of 2,479 coils of hot rolled steel wire rods, then being in good order and condition, was delivered to the M/V YONG AN CHENG and the *in personam* defendants and/or their agents in Zhanjiang, China for transportation to Houston, Texas in consideration of an agreed upon freight, pursuant bill of lading number CXMNYAC08079Z01 dated July 1, 2008.

10. Thereafter, the aforementioned consignment was loaded aboard the M/V YONG AN CHENG and the vessel sailed for its intended destination.

11. Upon discharge, it was discovered that the consignment was not in the same good order and condition as when received by the defendants, but instead, had suffered physical damages during transit as a result of improper stowage.

12. As a result of the defendants' failure to properly stow the cargo for ocean transit, damages were sustained to the shipment and Stemcor USA, Inc. sustained a loss.

13. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendants.

14. At all times relevant hereto, a contract of insurance for property damage was in effect between Stemcor and M&F, which provided coverage for, among other things, loss or damage to the consignment.

15. Pursuant to the aforementioned contract of insurance between Stemcor and M&F, monies have been expended on behalf of Stemcor to the detriment of M&F due to the damages sustained during transit.

16. As M&F has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, M&F has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the defendant.

17. By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $250,000.00.

18. This action is brought in order to obtain security and to prosecute plaintiff's claim as against defendant.

## BASIS FOR ATTACHMENT

19. The defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, defendants have, or will have during the pendency of this action, assets, including but not limited to electronic fund transfers within this

District subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to *ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA, J.P. Morgan Chase, Standard Chartered Bank,* and/or *Wachovia Bank N.A.*, which are believed to be due and owing to the defendants.

20. The defendants are continuously engaged in international shipping and conducts business in U.S. Dollars. Nearly all companies engaged in the international shipping industry transact business in U.S. Dollars and therefore regularly have assets in New York City. Dollars are the *lingua franca* of international commerce.

21. All international U.S. dollar transfers are processed by intermediary banks in the United States, mainly in New York City. The Clearing House Interbank Payment System represents that it processes 95% of those transfers.

22. Plaintiff believes that some of these assets, to wit: banks accounts; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, of charterers, to defendant, and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including but not limited to *ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA, J.P. Morgan Chase, Standard Chartered Bank,* and/or *Wachovia Bank N.A.*

23. The plaintiff seeks an Order from this Court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for certain Admiralty and Maritime claims, attaching *inter alia*, any assets of the defendants held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the defendant and to secure plaintiff's claim as described above.

**WHEREFORE,** Plaintiff prays:

A.  *In rem* service of process be issued against the M/V YONG AN CHENG, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

B.  The M/V YONG AN CHENG her engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiff;

C.  The Court order, adjudge and decree that defendants, CHINA OCEAN SHIPPING (GROUP) CO., XIAMEN OCEAN SHIPPING CO., AQUILA MARINE NAVIGATION., INC., and the M/V YONG AN CHENG be found joint and severally liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs, and;

D.  That since the defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee including, but not limited to, *ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA, J.P. Morgan Chase, Standard Chartered Bank,* and/or *Wachovia Bank N.A.,* which are due and owing to the defendant, in the amount of $250,000.00 calculated to date to secure the plaintiff's claims, and that all persons claiming any interest in the same be

cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

E.  An Order recognizing and enforcing any final judgment rendered by any other Court of competent jurisdiction in plaintiff's favor for the monies owed and the claims herein;

F.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

G.  That plaintiff has such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 10, 2009
292-05

CASEY & BARNETT, LLC
Attorneys for Plaintiff

By: *Martin F. Casey*
Martin F. Casey
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225

## ATTORNEY'S VERIFICATION

State of New York   )
                    )   ss:
County of New York  )

1. My name is Martin F. Casey.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Casey & Barnett, LLC, as attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the plaintiff is that the plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made and the documents, and information, received from the plaintiff and agents and/or representatives of the plaintiff.

Dated: New York, New York
       September 10, 2009
       292-05

                                                    _____
                                                    Martin F. Casey